**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zack Hearrell, | No. CV-25-00440-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Pro Motorsports Group Limited, et al., | |
| Defendants. | |

Pending before the Court is a motion to withdraw as counsel of record without client consent (Doc. 41) filed by Plaintiff's counsel, Clifford P. Bendau, II and Christopher J. Bendau of Bendau & Bendau PLLC ("Counsel").

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client does not affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution

of the case."). "[T]he trial court retains wide discretion in a civil case to grant or deny counsel's motion to withdraw." *Bohnert v. Burke*, 2010 WL 5067695, *1 (D. Ariz. 2010). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ariz. R. Prof'l. Cond. ER 1.16(c).

Here, the Court is unable to determine how much Counsel's reasons weigh in favor of withdrawal because the Court has no idea what Counsel's reasons are. Local Rule 83.3(b) provides that the application to withdraw must set forth the reasons for the withdrawal. Counsel avers that withdrawal "is necessary because professional considerations require termination of the representation." (Doc. 41 at 1.) However, Counsel does not specify what the "professional considerations" are. In the Court's experience, attorneys sometimes identify any reason listed in ER 1.16 as a "conflict" or "irreconcilable difference" requiring withdrawal, although in fact, certain listed reasons do not force an attorney to violate any ethical rules and do not constitute circumstances where the attorney "shall" withdraw but merely establish that the attorney "may" withdraw, unless the tribunal orders continued representation. *Compare* Ariz. R. Prof'l. Cond. ER 1.16(a) *with* ER1.16(b). *See, e.g.*, *Brown v. City of Glendale*, 2:18-cv-01267-DWL, Doc. 64 at 3 (a client's failure to pay does not "somehow force[] [an attorney] to violate any ethical rules if required to keep litigating [the] case" but is merely a reason "why the firm would prefer to withdraw."), *Hoppmann v. Pampered Pets & Plants Incorporated et al*, 2:22-cv-00427-DWL, Doc. 47 at 5 ("Far from being 'an unwaivable conflict of interest' that 'necessitates Applicants' withdrawal,' a client's failure to pay is a circumstance through which attorneys often continue representation. Continued representation where a client fails to pay would not violate any rule of professional conduct and withdrawal is not mandatory under the circumstances."). The reasons listed in ER 1.16 run the gamut from the client's failure to timely pay his attorney to the client's persistent criminal or fraudulent acts. In short, some of the reasons are more compelling than others. The Court cannot weigh whether the reasons for withdrawal are outweighed by the harm withdrawal might

cause to Plaintiff or to the administration of justice without knowing those reasons.

The Court cannot exercise its discretion to grant or deny a motion to withdraw in the absence of client consent without knowing the reason(s) justifying withdrawal.[1] *United States v. Williams,* 717 F.2d 473, 475 (9th Cir. 1983) ("A trial court's decision to release counsel is an exercise of its discretion"); *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449–50 (7th Cir. 1990) ("[C]ounsel bore the burden of demonstrating that [the clients] had consented to the motion . . . or that there was a valid and compelling reason for the court to allow the withdrawal over objection. . . . Because class counsel never disclosed, and the court never compelled counsel to disclose, the reason for withdrawal, the court abused its discretion by granting the motion.").

By requiring Counsel to submit an *ex parte* affidavit under seal[2] in support of the withdrawal motion and allowing Plaintiff the opportunity to respond (again, *ex parte* and under seal), the Court can gain the information it needs to appropriately balance the withdrawal factors while ensuring that no communications assertedly protected by attorney-client privilege are disclosed to the public or to Defendants. *See, e.g.*, *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp. 3d 155, 158-59 (D.D.C. 2016) ("Numerous courts have reviewed . . . affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.").

On the other hand, if Counsel can obtain Plaintiff's written consent, no affidavit will

---

[1] The Court recognizes that the comments to ER 1.16 state that a non-specific avowal "that professional considerations require termination of the representation ordinarily should be accepted as sufficient." The Court respectfully disagrees. Such an assertion is too vague to allow the Court to exercise its discretion in any meaningful way or to ensure that "justifiable cause" truly exists to support the withdrawal request.

[2] For Plaintiff's benefit: "*ex parte*" means the other parties cannot see it, and "under seal" means the public cannot see it.

- 3 -

be necessary, as this Court generally grants motions to withdraw as counsel with client consent, absent unusual circumstances not present here.

Accordingly,

**IT IS ORDERED** that by **May 22, 2026**, Counsel shall submit an ex parte affidavit under seal explaining her reasons for seeking to withdraw as counsel for Plaintiff without his consent, via hand-delivery in a sealed envelope marked "For Judge Lanza's Eyes Only" to the Clerk, who shall hand-deliver the affidavit to chambers, rather than filing it.

**IT IS FURTHER ORDERED** that by **May 22, 2026**, Counsel shall provide a copy of the ex parte affidavit, as well as this Order, to Plaintiff by transmitting those documents via first-class mail to the residential address listed in Counsel's motion and, if Counsel has an email address for Plaintiff, via email as well.

**IT IS FURTHER ORDERED** that Plaintiff (on his own, without Counsel's assistance) may respond to Counsel's withdrawal motion by **June 5, 2026**, by submitting an ex parte affidavit under seal, hand-delivered in a sealed envelope marked "For Judge Lanza's Eyes Only" to the Clerk, who shall hand-deliver it to chambers, rather than filing it.

Dated this 14th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge